UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| BCS FLUIDS, L.L.C., | CIVIL ACTION |
| --- | --- |
|     Plaintiff | |
| VERSUS | NO. 18-11235 |
| ALPINE EXPLORATION COMPANIES, INC., | SECTION: "E" (2) |
|     Defendant | |

### ORDER AND REASONS

Before the Court is a Motion to Transfer Venue to the United States District Court for the Northern District of Texas, Dallas Division, filed by Defendant Alpine Exploration Companies, Inc. ("Alpine").[1] Plaintiff BCS Fluids, L.L.C. (formerly known as Borehole Control, LLC) ("BCS") opposes.[2] For the reasons that follow, the motion is **DENIED**.

### BACKGROUND

Plaintiff BCS, a limited liability company, is a Louisiana citizen for purposes of diversity jurisdiction because its sole member is Kenneth Waters, a Louisiana domiciliary.[3] Defendant Alpine is a Texas citizen because it is a Texas corporation with its principal place of business in Texas.[4]

BCS alleges it provided goods and services in connection with Alpine's drilling operations in Louisiana[5] in the amount of $629,279.16.[6] BCS alleges Alpine made payments on the account in the amount of $166,934.68, leaving an unpaid balance of

---

[1] R. Doc. 13.
[2] R. Doc. 1.
[3] R. Doc. 7 at 1, ¶ 1. Citizenship of a limited liability company is determined not by the company's state of incorporation or its principal place of business, but rather the citizenship of all of the limited liability company's members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080–81 (5th Cir. 2008).
[4] R. Doc. 7 at 1, ¶ 2.
[5] R. Doc. 22 at 5 (citing R. Doc. 22-1 at 1).
[6] R. Doc. 7 at 2, ¶ 5.

1

$462,344.48 as of October 6, 2015.[7] BCS alleges, on December 7, 2015, the parties executed a promissory note obligating Alpine to pay BCS monthly installments of $39,157.66 until the principal amount of $462,344.48 was paid in full.[8] The promissory note was notarized in Dallas, Texas, and includes a provision that the note be governed by Texas law.[9] BCS alleges it has not received payments on the note since May 31, 2017, Alpine has defaulted on its loan obligations, and the unpaid balance on the loan is $195,786.02.[10]

On November 20, 2018, BCS filed the instant suit.[11] On December 19, 2018, Alpine filed its Answer.[12] Because the Answer does not mention venue, Alpine has waived its right to raise improper venue in the Eastern District of Louisiana, as opposed to the Western District of Louisiana, as an affirmative defense.[13] On December 20, 2018, Alpine filed the instant motion to transfer venue to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).[14] BCS opposes.[15]

## **LEGAL STANDARD**

28 U.S.C. § 1404(a) provides, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties

---

[7] *Id.* at ¶ 6.
[8] *Id.* at 3, ¶ 7.
[9] R. Doc. 1-4 at 1, 3.
[10] *Id.* at ¶¶ 8–10.
[11] R. Doc. 1.
[12] R. Doc. 12.
[13] FED. R. CIV. P. 12(h)(1)(B) ("A party waives any defense listed in Rule 12(b)(2)–(5)[, including the affirmative defense of improper venue listed in Rule 12(b)(3),] by failing to either: (i) make it by motion under [Rule 12] or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course."); *see also Hayes v. Gulf Oil Corp.*, 821 F.2d 285, 290 (5th Cir. 1987) ("[A] defect in venue must be raised by timely motion or by pleading by the objecting party.").
[14] R. Doc. 13.
[15] R. Doc. 22.

have consented."[16] "[T]he purpose of the section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"[17] The party seeking transfer "must show good cause. . . . [T]o show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice."[18]

Courts applying § 1404(a) first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."[19] The Supreme Court has held this refers to federal laws concerning venue and jurisdiction, not to "laws of the transferee State concerning the capacity of [the plaintiffs] to bring suit."[20] The court then considers a "number of private and public interest factors," none of which is given dispositive weight, to determine whether transfer serves the convenience of the parties and witnesses.[21]

## ANALYSIS

This suit could have been brought under the court's diversity jurisdiction in the Northern District of Texas. The United States District Court for the Northern District of Texas has personal jurisdiction over Defendant Alpine because Alpine is a Texas corporation with its principal place of business in Dallas, Texas.[22] Venue is proper in "a

---

[16] 28 U.S.C. § 1404(a).
[17] *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge F.B.L.—585*, 364 U.S. 19, 26 (1960)).
[18] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) [hereinafter *Volkswagen II*] (citation and internal quotation marks omitted).
[19] *In re Volkswagen AG*, 371 F.3d 201 (5th Cir. 2004) [hereinafter *Volkswagen I*] (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir. 2003)).
[20] *Van Dusen v. Barrack*, 376 U.S. 612, 624 (1964)
[21] *Id.* (citations omitted).
[22] R. Doc. 7 at 1, ¶ 2; *see J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) ("Citizenship or domicile—or, by analogy, incorporation or principal place of business for corporations— . . . indicates general submission to a State's powers," including the general jurisdiction of the state's courts.).

3

judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located,"[23] and Alpine, the only defendant in this case, is domiciled in Dallas, Texas, within the Northern District of Texas.

I. **The private concerns weigh against transfer.**

The Court turns to the factors used to determine whether transfer serves the convenience of the parties and witnesses. The Fifth Circuit considers the following private factors in determining motions to change venue:

(1) the relative ease of access to sources of proof;
(2) the availability of compulsory process to secure the attendance of witnesses;
(3) the cost of attendance for willing witnesses; and
(4) all other practical problems that make trial of a case easy, expeditious and inexpensive. [24]

A. Ease of Access to Sources of Proof

Alpine argues the first factor weighs in favor of transfer because "most sources of proof will be located in the Northern District of Texas, Dallas Division. The Note was signed and notarized in Dallas, Texas. Evidence of payments on the Note will be primarily located in Dallas, Texas."[25] BCS responds that evidence of payments will be proven by BCS representatives living in Covington, Louisiana, not in Dallas.[26]

With respect to the first private factor, "the question is relative ease of access, not absolute ease of access."[27] The Court finds, while there may be some evidence of payments

---

[23] 28 U.S.C. § 1391(b)(1).
[24] *Volkswagen I*, 371 F.3d 201 (5th Cir. 2004) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir. 2003)).
[25] R. Doc. 13-2 at 3.
[26] R. Doc. 22 at 6.
[27] *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (citing *Volkswagen II*, 545 F.3d at 316 ("That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous.")).

4

at Alpine's office in Dallas, there also is evidence of payment at BCS's office in the Eastern District of Louisiana. As a result, the first factor is neutral.

B. <u>Availability of Compulsory Process</u>

Alpine argues the second factor weighs in favor of transfer, because "most, if not all, of the potential witnesses in this case are located in the Northern District of Texas, Dallas Division," outside of the subpoena power of the Court.[28] The witnesses Alpine lists are the notary, the Defendant's principal, and the witnesses to the signing of the note.[29] Because it appears Alpine does not contest the authenticity of the note, the notary and witnesses are not likely to be witnesses.

BCS argues that its witnesses are located in the Eastern District of Louisiana.[30] Rule 45(c) of the Federal Rules of Civil Procedure provides:

> A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>   (i) is a party or a party's officer; or
>   (ii) is commanded to attend a trial and would not incur substantial expense.[31]

The Court finds that, if the case were tried in the Northern District of Texas, compulsory process would be available for Alpine employees, but not BCS employees. If the case were tried in this district, compulsory process would be available for BCS employees, but not for Alpine employees. As a result, this factor is neutral.

---

[28] R. Doc. 13-2 at 4.
[29] *Id.* at 3.
[30] R. Doc. 22 at 7.
[31] FED. R. CIV. P. 45(b).

5

BCS also argues that, because Alpine regularly transacts business in Jefferson Parish, Louisiana, its president Tim Washington is within this Court's subpoena power.[32] In support, BCS attaches an affidavit attesting that the Jefferson Parish Clerk of Court's online land records database reflects extensive transactions by Alpine in Jefferson Parish.[33] To the extent Alpine officers or employees who regularly transact business in person in Jefferson Parish may be witnesses in this case, they are subject to this Court's subpoena power, and this factor weighs against venue transfer.

C. Cost of Attendance

Alpine argues its officers will incur significant expense if required to travel to the Eastern District of Louisiana for trial.[34] BCS argues its officers will incur significant expense if required to travel to Dallas for trial and attaches in support an affidavit from Waters, its sole member.[35] Because trial in the Eastern District of Louisiana or trial in the Dallas Division will cause one party or the other to incur significant costs, this factor neither weighs for nor against venue transfer.

D. Other Practical Problems

Alpine does not raise any other practical considerations.[36] BCS alleges that, shortly after Alpine received BCS' demand letter, it purportedly assigned much of its assets in Jefferson Parish to Gulf Coast Western, LLC.[37] BCS argues that, as a result, any delay caused by transfer would prejudice BCS.[38] The Court agrees. This factor weighs against venue transfer.

---

[32] *Id.*
[33] R. Doc. 22-2 at 2.
[34] R. Doc. 13-2 at 4.
[35] R. Doc. 22 at 8, R. Doc. 22-1 at 2.
[36] R. Doc. 13-2 at 4.
[37] R. Doc. 22 at 9; R. Doc. 22-4.
[38] *Id.*

6

## II. The public concerns weigh against venue transfer.

The Fifth Circuit considers the following public factors in determining motions to change venue:

(1) the administrative difficulties flowing from court congestion;
(2) the local interest in having localized interests decided at home;
(3) the familiarity of the forum with the law that will govern the case; and
(4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. [39]

A. Court Congestion

Alpine asserts "the median time from filing to disposition is 6.9 months in the Northern District of Texas and 4.5 months in the Eastern District of Louisiana" and argues this difference is "fairly negligible."[40] BCS argues "2.4 months is not negligible."[41]

In *Bennett v. Moran Towing Towing Corp.*, the court stated that, in analyzing the first public factor, "courts often consider the median time interval from case filing to disposition" and found significant a difference between 31.7 months and 21.5 months (a difference of 10.2 months, or 47.4%).[42] The court contrasted *ExpressJet Airlines, Inc. v. RBC Capital Markets Corp.*, in which the court found negligible the difference between 6.2 months and 8.4 months (a difference of 2.2 months, or 36%).[43] In this case, the difference between the median time from filing to disposition between the Dallas Division and the Eastern District of Louisiana is 2.4 months, or 53%. The Court finds this difference is not negligible, and this factor weighs against venue transfer.

---

[39] *Volkswagen I*, 371 F.3d 201 (5th Cir. 2004) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir. 2003)).
[40] R. Doc. 13-2 at 5.
[41] R. Doc. 22 at 10.
[42] 181 F. Supp. 3d 393, 401 (S.D. Tex. 2016).
[43] No. CIV A H–09–992, 2009 WL 2244468, at *12 (S.D.Tex. Jul. 27, 2009).

B. Local Interest

Alpine argues that, because the promissory note was signed and notarized in Texas, there is a strong Texas interest in having this issue decided in Texas.[44] BCS attaches the testimony of the managing member of BCS Kenneth Waters, attesting that BCS provided Alpine goods and services in connection with oil drilling operations in Louisiana and that the promissory note is secured by a lien over property in Louisiana.[45] BCS argues that this factor weighs against venue transfer because the goods and services giving rise to this case were provided in Louisiana, and only the signing of the promissory note occurred in Texas.[46]

The Court finds there is a strong interest in having issues connected to the provision of goods and services related to drilling operations in Louisiana decided in a Louisiana Court. This factor weighs against venue transfer.

C. Familiarity of Forum with Governing Law

Alpine argues that, because the promissory note requires the application of Texas law, this factor weighs in favor of venue transfer.[47] BCS admits Texas law applies, but argues this case does not involve complex legal issues.[48] This Court has applied the laws of other states in other diversity suits, including breach of contract cases. Alpine has not shown that Texas contract law is so different from the law of other jurisdictions that this Court would have difficulty applying it. As a result, this factor is neutral.

---

[44] R. Doc. 13-2 at 5.
[45] R. Doc. 22-1 at 1.
[46] R. Doc. 22 at 10.
[47] R. Doc. 13-2 at 6.
[48] R. Doc. 22 at 11.

8

D. Avoidance of Unnecessary Conflict of Laws

Alpine argues this factor weighs in favor of venue transfer because transfer would prevent the Court from having to analyze "whether the application of Texas law would violate the public policy of the forum state."[49] The Court finds there is no indication this case raises unnecessary conflict of laws issues. The Court is well-equipped to perform this analysis. As a result, this factor is neutral.

The Court has found all of the factors are either neutral or weigh against venue transfer. Alpine has failed to meet its burden of showing the Northern District of Texas is "clearly more convenient than the venue chosen by the plaintiff."[50] As a result, the Court denies Alpine's motion to transfer venue.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Motion to Transfer Venue to the United States District Court for the Northern District of Texas, Dallas Division, filed by Defendant Alpine Exploration Companies, Inc., be and hereby is **DENIED**.[51]

**New Orleans, Louisiana, this 18th day of March, 2019.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[49] R. Doc. 13-2 at 6.
[50] *Volkswagen II*, 545 F.3d 304, 315 (5th Cir. 2008).
[51] R. Doc. 13.